UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDY FOSTER,

       Plaintiff,                                Hon. Janet T. Neff

v.                                                     Case No. 1:20-cv-575

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her

decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 33 years of age on his alleged disability onset date and 34 years of age on the date his insured status expired. (ECF No. 15-2, 15-5, PageID.62, 217, 236). Plaintiff successfully completed high school and worked previously as a production operator, bagger, and retail store clerk. (ECF No. 15-2, PageID.65, 77). Plaintiff applied for benefits on January 5, 2018, alleging that he had been disabled

since March 9, 2017, due to back pain, degenerative joint disease, knee pain, and nerve damage in his upper extremities. (ECF No. 15-5, 15-6, PageID.217-18, 236, 242).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Christopher Ambrose, in an opinion dated May 1, 2019, determined that Plaintiff did not qualify for disability benefits. (ECF No. 15-2, PageID.60-95). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision. (*Id.*, PageID.40-45). Plaintiff later initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on March 31, 2018. (ECF No. 15-2, PageID.62); *see also*, 42 U.S.C. § 423(c)(1). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that he became disabled prior to the expiration of his insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an

-3-

exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that through Plaintiff's last date insured he suffered from: (1) status-post lumbar discectomy with ongoing back pain; (2) bilateral carpal tunnel syndrome; (3) degenerative joint disease of the left knee; and (4) obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 15-2, PageID.63).

With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform sedentary work subject to the following limitations: (1) he can never climb ladders, ropes, or scaffolds; (2) he can only occasionally climb ramps and stairs; (3) he can only occasionally balance, stoop, kneel, crouch, or crawl; (4) he can frequently perform handling and fingering activities; and (5) he must avoid even moderate exposure to excessive vibration. (ECF No. 15-2, PageID.63).

The ALJ found that Plaintiff could not perform his past relevant work at which point the burden shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs that Plaintiff can perform, his limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid*.

In this case, a vocational expert testified that there existed approximately 190,000 jobs in the national economy that an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (ECF No. 15-2, PageID.93-94). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.      Plaintiff's Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").  The ALJ found that Plaintiff retained the ability to perform a limited range of sedentary work.  Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence.  Specifically, Plaintiff argues that his knee and back impairments are so severe as to preclude the performance of even sedentary work.

The results of an April 4, 2015, physical examination were unremarkable. (ECF No. 15-7, PageID.289-93).  Specifically, "all of the examination results of motor and sensory were normal except for bending forward."  (*Id.*, PageID.292). The doctor further observed that Plaintiff "would benefit from physical therapy. . . .and strengthening the muscles of the back for better posture. . ." (*Id.*).  The doctor further reported that Plaintiff's "strength and ability to function is fine."  (*Id.*).

X-rays of Plaintiff's knees, taken December 7, 2015, revealed that both knees were "normal." (ECF No. 15-7, PageID.297). Treatment notes dated May 11, 2016, indicate that Plaintiff exhibited decreased range of motion, but "normal" strength and reflexes. (ECF No. 15-8, PageID.355). Romberg testing was also negative.[1] (*Id.*). A physical examination conducted August 12, 2016, produced similar results. (*Id.*, PageID.349).

On March 9, 2017, Plaintiff reported to an emergency room complaining that he injured his left knee earlier that day. (ECF No. 15-8, PageID.386-403). The results of a physical examination were unremarkable and Plaintiff rated his knee pain as 2/10. (*Id.*, PageID.388, 391). X-rays of Plaintiff's knee were likewise "unremarkable." (*Id.*, PageID.393). An MRI of Plaintiff's left knee, performed on March 25, 2017, revealed a "tiny" tear of the lateral meniscus. (ECF No. 15-9, PageID.428).

On February 16, 2018, Plaintiff participated in an MRI of his lumbar spine, the results of which revealed a "mild disc bulge at the L5-S1 level but no evidence of recurrent disc herniation or spinal stenosis." (ECF No. 15-9, PageID.457-58). Treatment notes, dated February 19, 2018, reveal that Plaintiff exhibited decreased range of motion, but "normal" strength and reflexes. (ECF No. 15-10, PageID.507).

---

[1] Romberg test is a neurological test designed to detect poor balance. *See* Romberg Test, available at http://www.mult-sclerosis.org/RombergTest.html (last visited Sept. 13, 2021). The patient stands with his feet together and eyes closed. The examiner then pushes him slightly to determine whether he can compensate and regain his posture. *Id.*

Romberg testing was again negative. (*Id.*). On May 2, 2018, one of Plaintiff's doctors reported that Plaintiff was "ok to return to work." (ECF No. 15-11, PageID.541). Plaintiff testified at the administrative hearing that he rides a bicycle, uses a treadmill, performs housework, and can lift 20 pounds. (ECF No. 15-2, PageID.84-86).

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute his own opinion for that of a medical professional, the ALJ is not required to tailor his RFC assessment to any particular opinion or item of medical evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004). This is precisely what the ALJ in this matter did and the ALJ's RFC assessment is supported by substantial evidence.

As for Plaintiff's argument that the ALJ improperly weighed his testimony regarding his activities, the Court is not persuaded. The ALJ accurately described Plaintiff's testimony. The Court recognizes that Plaintiff has also asserted that he is unable to perform the activities in question for more than brief periods of time. (ECF No. 15-2, 15-6, PageID.84-86, 90-91, 249-56). But the ALJ is tasked with weighing the evidence and his assessment is supported by substantial evidence. This argument is, therefore, rejected.

## II.   Appeals Council

On July 31, 2019, Dr. Nicholas Doman performed surgery on Plaintiff's right knee. (ECF No. 15-2, PageID.48-50). Plaintiff argues that the Appeals Council erred by failing to consider this evidence. The Appeals Council did consider this evidence, but simply concluded that because this surgery did not take place until sixteen months after the expiration of Plaintiff's insured status, it was not relevant to Plaintiff's claim for benefits. (*Id.*, PageID.41). Moreover, whether the Appeals Council considered the evidence in question is an internal agency matter not within the Court's jurisdiction to review "final decisions" by the Social Security Administration. *See, e.g., White v. Commissioner of Social Security*, 2014 WL 4976754 at *11 (W.D. Mich., Oct. 3, 2014). Accordingly, this argument is rejected.

## III.   Sentence Six Remand

Plaintiff argues that he is entitled to have this matter remanded so that the evidence of his right knee surgery can be considered. It is well understood that this Court, when reviewing the Commissioner's decision, can only consider evidence that was presented to the ALJ. See, e.g., *Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996); *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007) (quoting *Cline*, 96 F.3d at 148).

If Plaintiff can demonstrate that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. To satisfy the materiality requirement, Plaintiff

-9-

must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

Plaintiff has failed to demonstrate that there is a reasonable probability that consideration of this evidence would result in a different outcome. The evidence that was before the ALJ supports the conclusion that, as of the date Plaintiff's insured status expired, Plaintiff could perform a limited range of sedentary work. That Plaintiff's knee subsequently required surgery does not compel the conclusion that Plaintiff was thereafter unable to perform sedentary work or was otherwise disabled. There is nothing in the evidence to which Plaintiff cites supporting such a conclusion. Moreover, even if such a conclusion was reasonable, there is nothing in the record suggesting that such limitations were present prior to the expiration of Plaintiff's insured status. This argument is, therefore, rejected.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                  Respectfully submitted,

Date: September 21, 2021                  /s/ Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge