UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDY DUANE FOSTER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:20-cv-575

HON. JANET T. NEFF

**OPINION AND ORDER**

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his claim for Disability Insurance Benefits. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Defendant filed a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), this Court has performed de novo review of the portions of the Report and Recommendation to which Plaintiff objects. For the following reasons, the Court denies the objections and issues this Opinion and Order.

Plaintiff's objections to the Report and Recommendation concern two topics. First, with regard to his residual functional capacity (RFC), Plaintiff argues that the Magistrate Judge "attempts to make the case that neither knee was severed impaired" during the insured period and

that the Magistrate Judge also "discounts Plaintiff's low back pathology" (Pl. Obj., ECF No. 25 at PageID.833-834).  Neither argument has merit.  The Magistrate Judge held that the ALJ's RFC assessment is supported by substantial evidence (R&R, ECF No. 24 at PageID.827).  In support of this holding, the Magistrate Judge referenced the results of Plaintiff's x-rays, which were "normal," and the results of Plaintiff's exams, where, for instance, the physician reported that Plaintiff's "strength and ability to function is fine" (*id.* at PageID.825).  Plaintiff's argument that the ALJ should have weighed the evidence differently is not a proper basis for relief.  *See Moruzzi v. Comm'r of Soc. Sec.*, 759 F. App'x 396, 402 (6th Cir. 2018) ("The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.").  Plaintiff's objection is therefore properly denied.

Second, with regard to a post-hearing surgery on July 31, 2019, Plaintiff reiterates his argument that this matter should be remanded for the surgery to be considered (Pl. Obj., ECF No. 25 at PageID.835-836).  Plaintiff's argument fails to demonstrate any error by the Magistrate Judge.  The Magistrate Judge properly concluded that even if Plaintiff's knee surgery compelled the conclusion that Plaintiff was thereafter unable to perform sedentary work or was otherwise disabled, "there is nothing in the record suggesting that such limitations were present prior to the expiration of Plaintiff's insured status" (R&R, ECF No. 24 at PageID.829).  As the Magistrate Judge noted, to be eligible for Disability Insurance Benefits, Plaintiff was required to establish that he became disabled *before* his insured status expired on March 31, 2018 (*id.* at PageID.822).

Having denied the objections, the Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court and enter a Judgment consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Accordingly:

3

**IT IS HEREBY ORDERED** that the Objections (ECF No. 25) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 24) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

Dated:  October 18, 2021             /s/ Janet T. Neff
                                     JANET T. NEFF
                                     United States District Judge